# Louisville & Nashville Railroad Co. v. Johnston.

*Action for Damages against Railroad Company, by Passenger.*

1. *Variance.*—Under a complaint, in an action against a railroad company, which claims damages on account of the conductor's refusal to stop his train and put plaintiff off at the proper station, alleging that he "willfully refused" to stop, and carried her several hundred yards beyond, "without her consent, and against her protest;" if the evidence shows that the conductor only neglected to stop, and that the plaintiff not only submitted, but consented to alight at the further place, without objection or protest, there is a fatal variance between the averments and the proof.

2. *Implied contract that passengers may alight at platform not owned by railroad company.*—If the trains of the defendant railroad company were accustomed to stop at the platform at which the plaintiff desired to alight, although it was neither constructed nor owned by the company, an implied contract that passengers might stop there may be raised.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

HEWITT, WALKER & PORTER, for appellant.

SMITH & LOWE, *contra.*

SOMERVILLE, J.—The action is brought by the plaintiff, Mrs. Johnston, with whom her husband is joined as co-plaintiff, claiming damages of the defendant railroad corporation, for the refusal of the conductor to stop the train and put her off at a station to which she had paid her fare as a regular passenger on the road. The *gravamen* of the action, as averred in the complaint, is, that the defendant "willfully refused to stop" the train of cars at *Alice Station*, the point of plaintiff's destination, and carried her several hundred yards beyond the customary stopping place, where she was compelled to alight, without her consent, and against her protest.

VOL. LXXIX.

[Bibb v. Bibb.]

It is our opinion, that under this averment of the complaint, there could be no recovery in the action, unless the evidence in the cause satisfied the jury that the failure of the defendant's servant to stop the train was willful. If it was merely negligent, without more, there would be a fatal variance between the allegations and the proof. So, it would constitute a variance, if the evidence showed that the plaintiff not merely submitted, but consented to get off the train at this place, without objection or protest, the complaint alleging the contrary to be true.

There are several charges requested by the defendant, and refused by the court, presenting this phase of this case, which should have been given. For this error, the judgment of the court must be reversed, and the cause remanded.

If the trains of the defendant's road were accustomed to stop at the platform, described in the evidence as being at *Alice*, and to receive and deliver passengers there, then persons becoming passengers would have a right to presume that the railroad company's contract of carriage was to deliver them at that point, although this platform may not have been owned or constructed by the company. The customary use, and not the ownership of it, would be the controlling fact, from which an implied contract to that effect might be raised.

The circumstances under which exemplary damages may be recovered in this State, are so fully discussed by our recent decisions as to require no criticism of the rulings of the court touching this particular branch of the case.— *Wilkinson v. Searcy*, 76 Ala. 176; *Lienkauf v. Morris*, 66 Ala. 406; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266; *Louisville &c. R. R. Co. v. Guinan*, 47 Amer. Rep. 279.

As the probable amendment of the complaint may change the *status* of the case on another trial in the court below, we need not notice the other points raised by the record.

Reversed and remanded.