# Louisville & Nashville Railroad Co. v. Coulton.

*Action for Damages, by Brakeman against Railroad Company.*

1. *Liability of employer for injuries to employee; knowledge of defects causing injury.*—In an action against a railroad company, to recover damages on account of injuries sustained by plaintiff while in its employment as a brakeman (Code, §§ 2590–92), the complaint alleging that the injury "was caused by the negligence of defendant in failing to provide good and safe brakes and appliances connected therewith, and by the defendant's negligently and carelessly omitting to keep its brakes on said train in good repair, and *knowingly* allowing the same to remain out of repair," it is not necessary for the plaintiff to prove knowledge by the defendant of the defects in the brakes and appliances.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

HEWITT, WALKER & PORTER, for appellant, cited *Smoot v. M. & O. Railroad Co.*, 67 Ala. 13; *M. & O. Railroad Co. v. Thomas*, 42 Ala. 672; *Smith v. Causey*, 28 Ala. 655; *L. & N. Ala. Railroad Co. v. Schauffer*, 75 Ala. 136; *L. & N. Railroad Co. v. Johnston*, 79 Ala. 436; *Ala. Gr. So. Railroad Co. v. Arnold*, 80 Ala. 600; *Railroad Co. v. Dickson*, 88 Ill. 431.

DICKEY & GILLESPIE, and JAMES WEATHERLY, *contra*, cited *S. & N. Ala. Railroad Co v. McClendon*, 63 Ala. 266; *Ala. Gr. So. Railroad Co. v. Jones*, 71 Ala. 487; 83 Ala. 376; *Gibson v. Pac. Railroad Co.*, 2 Amer. Rep. 497; *Cowles v. Railroad Co.*, 37 Amer. Rep. 620; *Fuller v. Jewett*, 36 Amer. Rep. 575; *Railroad Co. v. McAlpine*, 71 Ala. 543; 1 Wait's A. &. D. 732; 2 Cush. Mass. 577; 2 Stra. 294; 2 East, 452; 1 Chitty's Pl. 367.

9

STONE, C. J.—The present suit was brought under the act "to define the liabilities of the employers of workmen," approved February 12, 1885.—Sess. Acts, 115; Code of 1886, §§ 2590 *et seq.* The plaintiff was serving the defendant corporation in the capacity of brakeman on one of its trains, and complains that, while performing his duty, and in obedience to a proper signal therefor, "in attempting to apply one of the brakes on said train, as it was his duty to do, by reason of the weak and defective condition of said brake, and of the appliances thereto belonging, he was violently thrown down, upon or against one of the cars, or upon or against some portion . thereof, and severely bruised, hurt and damaged; that the injury thus sustained . . . . was caused by the negligence of defendant in failing to provide good and safe brakes and appliances connected and used therewith, and by the defendant's negligently and carelessly omitting to keep its brakes on said train in good repair, and knowingly allowing the same to remain out of repair." Plaintiff then averred that he did not know that said brake and appliances were defective, or out of repair, until he suffered the injury.

Defendant below—appellant here—contended in the court below, and renews the contention here, that inasmuch as the plaintiff averred that the defendant "knowingly" suffered the brake and appliances to remain out of repair, he thereby took upon himself the burden of proving that the corporation had knowledge of the imperfection; in other words, that having stated his alleged grievances with unnecessary particularity, his proof, to authorize recovery, must make out his cause of action as he has chosen to allege it.—*Smith v. Causey*, 28 Ala. 655; s. c., 65 Amer. Dec. 372; *L. & N. R. R. Co. v. Johnston*, 79 Ala. 436; *Ala. Gr. So. R. R. Co. v. Arnold*, 80 Ala. 600; 1 Greenl. Ev. §§ 57 *et seq.*; *C., B. & Q. R. R. Co. v. Dickson*, 88 Ill. 431.

The statutory ground of recovery relied on in this case is, that the injury was caused by reason of some "defect in the condition of the ways, works, machinery or plant, connected with, or used in the business of the master or employer." It is, however, further provided, that no recovery can be had under this clause, except in one of the following conditions: First, "unless the defect therein mentioned arose from . . . the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition;" or,

second, that such defect "had not been discovered or [and] remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty," &c.

There was no demurrer to the complaint; and hence we need not consider its sufficiency as a mere statutory remedy. Should the question be raised, it would probably be safest to aver that the injury complained of was suffered from one of the causes, or acts of negligence, stated last above, and as nearly as may be in the language of the statute. We decide nothing, however, in reference to this question, as it is not raised.

As we have said, the only question raised is, whether it was necessary for plaintiff to prove that the defendant corporation had knowledge or notice that the brake-appliances were imperfect, or out of repair. If the only averment had been that the defendant had negligently and knowingly permitted them to remain out of repair, whereby, &c., then probably the principle invoked would apply, that having averred with unnecessary particularity, it thereby became a matter of description, and must be proved with equal particularity.—1 Greenl. Ev. § 63; *C., B. & Q. R. R. Co. v. Dickson*, 88 Ill. 431; *L. &. N. R. R. Co. v. Johnston*, 79 Ala. 436.

As we interpret the statement of the *gravamen* of the complaint, it is not made up of one continuous, single ground, but contains several grounds, one following another, which may and should be construed distributively. Thus, the language may be divided into the following separate phrases: "Caused by the negligence of the defendant in failing to provide good and safe brakes and appliances connected therewith." If the complaint had stopped here, it would have been manifestly good, at least, in the absence of a demurrer. So framed, the question of knowledge of the imperfect condition of the brake and its appliances would not have been raised. Then follows another averment of the cause of the injury, sufficient in and of itself, connected with the former by the conjunction "and," and thus showing that it was an additional, or cumulative charge, or averment. Its language is, "and by the defendant's negligently and carelessly omitting to keep its brakes on said train in good repair." Then follows the words, "and knowingly allowing the same to remain out of repair." The word *knowingly* would seem to qualify only the second clause of the com-

[Griel v. Lomax.]

plaint, or grievance charged. It can not be made to qualify the phrase first copied and commented on above. We regard each of the averments as sufficient, in and of itself, at least when issue was taken upon them, and that the second, instead of being a qualification of the first, is a substantive, cumulative ground of alleged wrong.—*Shipman v. Furniss*, 69 Ala. 555, 563.

What we have said disposes of this case adversely to appellants. None of the charges asked should have been given.

Affirmed.