# Harold Bros. *v.* Jones Bros.

*Action for Damages for Alleged Obstruction of Rafting Stream.*

1. *Variance between allegations and proof.*—Where the complaint claims damages of the defendants for *wrongfully and unjustly intending to injure* plaintiffs, and the testimony merely tends to show *negligence* on the part of defendants, there is a fatal variance between the averments and the proof.

APPEAL from Covington Circuit Court.
Tried before the Hon. JOHN P. HUBBARD.

FARNHAM & CRUM and MILTON A. RABB, for appellants.
J. F. JONES, and JOHN GAMBLE, for appellees.

McCLELLAN, J.—The *gravamen* of the present complaint is the *willful* and *intentional* obstruction of a highway by the defendants for the purpose of preventing its use by the plaintiffs. The complaint avers that the plaintiffs were running and driving certain rafts of timber on and along Conecuh river, navigable for that purpose, "and that the defendants, *well knowing the premises*, but contrary to law, wrongfully and unjustly *intending to injure plaintiffs and to prevent them from running and conducting their said four rafts of timber as aforesaid*, in, through, over and along said common and public highway, wrongfully and injuriously shut, closed and obstructed said public highway by throwing a number of loose logs in said public highway, thereby creating obstructions across said public highway known as "jacks" or "jams," and kept and continued the said jacks or jams so shut, closed and fastened across said public highway, · · · · whereby navigation of said river for the purpose of floating" was destroyed for a long period of time, and by reason thereof plaintiffs were prevented rafting their timber for a long period, &c., &c., to their damage in the sum claimed. The italicisation in the quotation from the complaint is ours. No evidence was adduced on the trial in support of, or which by inference or direction, tends to support the willful and intentional wrong charged in the complaint. On the contrary, the most that can be affirmed of any aspect of the testimony, is that it goes to show mere *negligence* on the part of the defendants in handling and con-

trolling timbers which they were endeavoring to float to
market or to mills along this river, and that in consequence,
not of willfulness or wrong intention, but of a want of care
and diligence, resulting from or only amounting to inatten-
tion, purposeless supineness, *negligence*, on their part, these
timbers formed the obstructions complained of. There is,
therefore, a fatal variance between the averments and the
proof; and the general affirmative charge requested by de-
fendants, and refused, should have been given.—1 Greenl.
Ev. § 51, 63 ; *Louisville & Nashville R. R. Co. v. Johnston*, 79
Ala. 436; *Louisville & Nashville R. R. Co. v. Coulton*, 86 Ala.
129 ; *Birmingham Mineral R. R. Co. v. Jacobs*, 92 Ala. 187;
*Highland Avenue & Belt Line R. R. Co. v. Winn*, 93 Ala. 306;
*Chicago, Burlington & Quincy R. R. Co. v. Dickson*, 88
Ill. 431.

This conclusion operates a reversal of the judgment of the
Circuit Court, and renders it unnecessary to consider the
other questions presented by this record.

Reversed and remanded.