# Louisville & Nashville Railroad Co. v. Perry.

*Action by Brakeman against Railroad Company, for Damages on account of Personal Injuries.*

1. *Negligence, as question of fact or law.*—The question of negligence, or contributory negligence, in any case, is properly left to the determination of the jury as a question of fact, unless the evidence is free from conflict, and the inferences to be drawn from it are clear and certain.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by S. G. Perry, against the appellant corporation, to recover damages for personal injuries sustained by the plaintiff while in the defendant's employment as a brakeman; and was commenced on the 5th April, 1888.   The accident occurred on the 29th May, 1887, at a wayside station on the defendant's road, where the plaintiff, a brakeman on the road, was standing on the track, for the purpose of making a coupling with the rear section of the freight train, which was coming on a down grade towards him; and his back was turned towards the moving cars when he was struck and injured, necessitating the amputation of one of his legs.   The principal defense was contributory negligence on the part of the plaintiff himself, (1) in going in between the cars to make the coupling, instead of using a "coupling stick," as required by the rules of the railroad company; and (2) in not using due care and diligence to watch the approaching cars, which he knew were coming down from above.   The bill of exceptions purports to set out "substantially all the evidence," and shows that the following rule, with others, was read in evidence on the part of the defendant: "*Rule No. 222.*   Coupling cars by hand is strictly prohibited.   Any violation of this rule will be severely dealt with.   Yard-masters and conductors must see that it is strictly observed, and must report any infringement of it to the proper officer."

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe the evidence, they must find for the defendant."   (4.) "The regulation forbidding brakemen to make a coupling without the use of a coupling-stick is a reasonable and proper regulation; and if the jury believe that, at and before the happening of the injury complained of in this case, there was in force, and duly promulgated, a regulation of said railroad company forbidding brakemen to make a coupling without the use of a coupling-stick, and that plaintiff was injured while attempting to make a coupling without the use of a coupling-stick, then the jury might find for the defendant, unless they also find that said injuries were caused by the wanton or intentional act of the defendant or its servants, or by such recklessness as amounts to an indifference to plaintiff's safety."   (5.) "If the jury believe from the evidence that, by the rules of the defendant, coupling cars by hand was prohibited, then plaintiff had no right to go upon the railroad for the purpose of coupling cars by hand; and if

the jury believe from the evidence that plaintiff, at the time he was injured, was violating this rule, then he can not recover." (7.) "If the jury believe that, at and before the time of the injury to plaintiff, there was in force a rule of the defendant requiring brakemen to use a coupling-stick in coupling cars; and that plaintiff, when he received the injuries, did not use a coupling-stick, and did not heed the signal whistled by the fireman just before the injury (if they find that such signal was so given); and that plaintiff had time after said signal was given, if in fact it was given, by the exercise of ordinary care and prudence, to have gotten safely from between the engine and the car to which it was to be coupled; then, if the jury find these facts to exist, the plaintiff can not recover."

The refusal of each of these charges is assigned as error.

JONES & FALKNER, for appellant.

WATTS & SON, *contra.*

SOMERVILLE, J.—The plaintiff, who was a brakeman, was seriously injured while engaged in the act of coupling cars on the defendant's road, near a switch on a wayside station. The accident was produced by a rear section of loaded cars being allowed to run down grade and strike the next section, which plaintiff was attempting to couple to the engine. The defense is contributory negligence, the evidence showing that the plaintiff was standing on the railroad track at the time he was hurt, attempting to couple the cars with his hands, without the use of a coupling stick, which was in violation of the company's rules.

The evidence was conflicting as to the rate of speed at which the rear section of cars was moving at the time of the collision, and whether this speed was faster than usual or not; whether the section came to a complete stop, or moved continuously down grade; whether the conductor gave a signal to come fast or slow; and on other points bearing on the question of negligence. And the inference, moreover, was uncertain whether the plaintiff, who had been in the service of the company only six or eight weeks, had any knowledge of the rule in question, or was negligent in not knowing it.

The degree of negligence on the defendant's part, in some of these aspects, thus affects the inquiry as to the plaintiff's

[Winston v. Mitchell.]

alleged contributory negligence, which is the main defense to the action.

It is insisted, however, that upon the uncontroverted facts of the case, the general affirmative charge should have been given for the defendant.

We have attentively examined this evidence, with an earnest desire to do exact justice to the parties. It would accomplish no good to discuss it in detail, each member of the court having thoroughly considered it in all its bearings.

Our conclusion is, that under the principles so frequently declared by us, the evidence is not sufficiently free from conflict, nor the inference of negligence so clear and certain, as to make the question of its existence a question of law. It was, we think, under the circumstances, properly left for the determination of the jury, as one of fact.—*City Council of Montgomery v. Wright*, 72 Ala. 411; *Mayor &c. Birmingham v. McCrary*, 84 Ala. 470; *Eureka Co. v. Bass*, 81 Ala. 200; s. c., 60 Amer. Rep. 152; *Ala. Gr. So. R. R. Co. v. Arnold*, 84 Ala. 160.

The court properly refused to give the general affirmative charge to find for the defendant.

The other three charges requested by the defendant withdrew from the consideration of the jury all inquiry as to the plaintiff's knowledge or notice of the existence of the rule forbidding the coupling of cars without the use of a stick. In the absence of this element of fact, the question of negligence *vel non* was properly left to the jury.—*Ga. Pac. Ry. Co. v. Propst*, 83 Ala. 518, 521.

The judgment must be affirmed.