# Kansas City, Memphis & Birmingham Railroad Co. *v.* Smith.

*Action for Damages by Brakeman, for Personal Injuries.*

1. *Photographs, diagrams, and maps.*—In an action to recover damages for personal injuries sustained by a railroad accident, a photograph of the broken trestle and wrecked train, taken about two hours after the accident occurred, and verified by the testimony of the person by whom it was taken, is admissible as evidence, to aid the jury in understanding and applying the proved facts, on the same principle which regulates the admissibility of maps and diagrams as evidence.

2. *Relevancy of evidence as tending to show negligence in overloading car.*—Plaintiff's injuries having been received in a railroad accident, alleged to have been caused by the rotten condition of the timbers of the trestle which broke down, and by the overloading of an old car with guano; a witness who has been engaged in handling guano for several years, and who has stated the weight of sacks filled with it, may be asked to state also the dimensions (the length, breadth, and thickness) of such sacks, as relevant to the question of overloading.

3. *General objections* to evidence, not specifying any particular grounds of objections, may properly be overruled.

4. *General charges on evidence* are properly refused, when there is any evidence before the jury tending to establish the case of the other party.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

[Kansas City, Memphis & Birmingham R. R. Co. v. Smith.]

This action was brought by James W. Smith, against the appellant corporation, to recover damages for personal injuries sustained by plaintiff while in the discharge of his duties as a brakeman on the defendant's road; and was commenced on the 29th January, 1889. The accident occurred on the 8th November, 1888, as the freight train on which plaintiff was employed was crossing a trestle near the depot at Jasper; the trestle giving way as a car loaded with guano struck it, and precipitating the car and its contents, with plaintiff, down a declivity of thirty feet or more in depth, whereby both of his legs were broken, and he sustained other injuries. The complaint, as amended, contained two counts, the first and the third, each of which averred, in different phraseology, that the accident was caused by the rotten condition of the trestle, by the overloading of an old car with guano, and the rottenness and worn-out condition of its timbers. Issue was joined on the plea of not guilty. The trial resulted in a verdict for plaintiff, for $12,000.

On the trial, the plaintiff offered in evidence a photograph of the scene of the accident, showing the broken trestle and the wrecked cars, which was taken by Miss Mary A. Hughes, as she testified, about two hours after the accident occurred; and the court admitted it as evidence, against the objection and exception of the defendant. S. W. Slaton, a witness for plaintiff, having testified that he "had been trading in and handling guano for five years, and bought a good deal of it in car-load lots, and that the sacks of it were put up in 167 and 200 lbs., so as to make either ten or twelve sacks to the ton;" he was asked, "how long, how wide, and how thick is a sack containing from 167 to 200 lbs.;" and answered, "it is about 24 inches long, 18 inches wide, and about 9 inches thick when lying down, as it does in a car." The defendant "objected to this question," and excepted to the action of the court in overruling it.

The defendant requested the following charges in writing, and duly excepted to the refusal of each: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe the evidence, they must find for the defendant under the first count." (3.) "If the jury believe the evidence, they must find for the defendant under the third count."

The rulings on evidence, and the refusal of the charges asked, are here assigned as error.

HEWITT, WALKER & PORTER, for appellant.

[Kansas City, Memphis & Birmingham R. R. Co. v. Smith.]
BOWMAN & HARSH, and G. R. HARSH, *contra*.

SOMERVILLE, J.—1. The photograph of the trestle and of the wrecked train of cars was shown to have been taken about two hours after the accident occurred, and was verified by the testimony of the photographer as being a correct representation of the locality and scene. It was clearly admissible in evidence, to aid the jury in properly understanding the case.

It is a well understood rule, applied in every day practice in the courts, that diagrams and maps illustrating the scene of a transaction, and the relative location of objects, if proved to be correct, are admissible in evidence in order to enable the jury to understand and apply the proved facts to the particular case.—3 Brick. Dig. 431, § 366. A plan, picture, or other representation produced by the art of photography, is admissible on like principles, if verified as a true and accurate representation. It is, in fact, but a scientific reproduction of a *facsimile* of the original object in nature, by a mechanical art which is every day advancing towards perfection. The competency of such evidence was settled in *Luke v. Calhoun County*, 52 Ala. 115, approving a like ruling in the case of *Udderzook v. Commonwealth*, 76 Penn. St. 340, where a photograph of a person in life, shown to be a correct picture, was admitted in evidence, for the purpose of aiding in the identification of a deceased person alleged to have been murdered. The case of *Ruloff v. People*, 45 N. Y. 213, supports the same principle.

In the case of *Blair v. Pelham*, 118 Mass. 420, which was an action against a town, to recover damages for injuries caused by a defect in a highway, the defendant was permitted to put in evidence a photograph of the place of the accident, on its verification by the photographer as a true representation. So, in *Church v. City of Milwaukee*, 31 Wisc. 512, an action for damages resulting to a lot-owner from a change in the grade of a street, a photograph of the premises, shown to be correct, was admitted, "to aid the jury in arriving at a clear and accurate idea of the situation of the premises, and enable them to better understand how they were affected by the change in the grade." And *Cozzens v. Higgins*, 33 How. Prac. 436, decided by the New York Court of Appeals, is to the same effect. In an action of trespass against an adjoining proprietor, for the wrongful act of opening holes in the walls of the plaintiff's cellar, so as to render it untenable, by projecting into it heavy beams, a "photographic view" of the cellar was admitted in evidence, as "an appropriate aid to the

[Kansas City, Memphis & Birmingham R. R. Co. v. Smith.]

jury in applying the evidence." The case of *Dyson v. New York R. R. Co.*, 57 Conn. 10, is another authority directly in point, where, in an action for damages against a railroad company, a photographic view of the *locus in quo* of the accident was held to be admissible in evidence. The same ruling precisely was made in the case of *Archer v. New York, N. H. & H. R. Co.*, decided in 1887 by the New York Court of Appeals.—13 N. E. Rep. 318.

We entertain no doubt as to the soundness of these rulings, and they fully support the action of the court in admitting in evidence the photograph of the wrecked train and surrounding locality in this case.—1 Whart. Law Ev. (3d Ed.), § 676; *Eborn v. Zimpelman*, 26 Amer. Rep. 319–321, *note; Marcy v. Barnes*, 16 Gray (Mass.), 161; *Locke v. Sioux City R. R. Co.*, 46 Iowa, 109.

2–3. The question propounded to the witness Slaton, and his answer to it, tended to throw some light on the plaintiff's contention, that the car containing the fertilizer was too heavily loaded—which was one of the grounds of negligence imputed to the defendant, as the proximate cause of the injury suffered by the plaintiff. This evidence was, therefore, relevant, and its admission free from error. The objection interposed, moreover, was general and undefined, failing to particularize any specified ground, and, for this reason, there was no error in disregarding it.—*Dryer v. Lewis*, 57 Ala. 551; 3 Brick. Dig. 443, § 567.

4. The evidence tended to sustain the allegations of each of the counts in the complaint—the first and the third—upon which the merits of the case were tried before the jury. And, under the circumstances, we are of opinion, that the questions of negligence by the defendant, and of contributory negligence by the plaintiff, were both properly left to the jury.—*L. & N. R. R. Co. v. Perry*, 87 Ala. 392.

The objection taken to the panel of jurors was clearly without merit.

We discover no error in the record, and the judgment must be affirmed.