# Kansas City, Memphis & Birmingham Railroad Co. *v.* Crocker.

*Action for Damages against Employer, by Injured Brakeman.*

1. *Injuries to employe by negligence in management of hand-car, or lever-car.*—A lever-car, or car propelled by hand, such as is in general use on railroads by the workmen engaged in repairing and keeping up the track, is within the spirit and terms of the statute (Code, § 2590, subd. 5) which gives an action against the employer for injuries suffered by an employe by reason of the negligence of any person in the service who has charge of "any signal, points, locomotive, engine, switch, car, or train upon a railway."

2. *Evidence as to speed of moving car; what witness may state.*—Where the injuries complained of are alleged to have been caused by the negligence of the foreman of a car on which plaintiff was working, by suddenly checking it while moving at a rapid rate of speed, whereby plaintiff was thrown off, run over and injured; the rate of speed of the car being relevant and material to the issue, and plaintiff having testified that it was moving at the rate of eight or ten miles an hour, he may be asked, "About how fast, compared to a man running?" and may answer, "It was running faster than a man could run."

3. *Relevancy of evidence as to cause of stoppage of car.*—Plaintiff's injuries having been caused by the sudden stoppage of the hand-car on which he was an employe, the foreman applying the brake without notice, and there being no evidence that an extra train was heard or seen approaching, the defendant company can not be allowed to prove that, by a rule of the company, it was made the duty of the person in charge of the hand-car at once to stop and remove it from the track when a train was seen or heard approaching.

4. *Contributory negligence as defense, and how pleaded.*—In an action to recover damages for personal injuries, contributory negligence on the part of the plaintiff himself is defensive matter in the nature of confession and avoidance, must be specially pleaded (Code, § 2675), and is not available under the general issue. (Overruling *Government Street Railway Co v. Hanlon*, 53 Ala. 70, and declaring *North Birmingham Street Railway Co. v. Calderwood*, 89 Ala. 254, explained and qualified by later cases.)

5. *Leading questions to a witness*, such as suggest to him the answer desired or expected, are properly ruled out, if objected to.

6. *Charge to jury as to weighing evidence or counting witnesses.*—A charge instructing the jury that is their duty to weigh the evidence, and not merely to count the witnesses, is not erroneous, nor liable to cause injury.

7. *Negligence in sudden application of brake to hand-car.*—If the foreman of a hand-car on a railroad track, knowing that the men who work the handles of the lever sometimes let go the handle after pushing it down, on a down grade, having nothing else to hold on to, suddenly applies the brake and stops the car, without notice to them, and without looking to see that none of them are in such dangerous

position, "the inference of negligence is clear and certain," and the court may instruct the jury that this is negligence.

8. *Charge too favorable to party excepting.*—When the defense of contributory negligence is not presented by the pleadings, the defendant can not complain of a charge which "leaves it to the jury to say whether, under the evidence in the case, the plaintiff was guilty of contributory negligence."

9. *Charge as to conflicting evidence.*—A charge instructing the jury, where the evidence is conflicting on material facts, that if they can not say who has told the truth, then they must find the facts so far as there is conflict not proved, and if such facts are necessary to be proved in order for the plaintiff to recover, they must find for the defendant, is properly refused.

10. *Negligence in stopping hand-car suddenly; custom as to notice.*—The foreman of a hand-car on a railroad track, stopping it suddenly by an application of the brake while moving rapidly on a down grade, at a place where it was not usual to stop, and without giving notice to the men working the lever, may be guilty of negligence, if the jury so find, without proof of any custom requiring him to give notice.

11. *Presumptions as to pleas.*—When no pleas are set out in the record, but it shows that a trial was had on issue joined, and that special defenses were considered by the court below without objection, the appellate court will presume, in favor of the judgment, that proper pleas were filed to let in those defenses; but, when the only plea set out in the record is the general issue, the appellate court will not presume, in favor of a reversal, that special pleas were also filed; nor will such presumption be indulged because the bill of exceptions shows that plaintiff introduced evidence bearing on such defenses; in rebuttal of defendant's evidence in support of them, nor because he asked charges based on them.

12. *Recklessness, or willful or intentional wrong, as avoiding contributory negligence.*—Under a complaint which alleges that plaintiff's injuries were inflicted wantonly, willfully and intentionally, a recovery can not be had on proof of simple negligence merely, nor is contributory negligence a defense to the action; but a count which charges that the injury was caused "negligently, carelessly, and recklessly," is not the equivalent of a charge that it was done wantonly, willfully or intentionally.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Samuel C. Crocker, a minor, suing by his next friend, against the appellant railroad company, to recover damages for personal injuries sustained by plaintiff while in defendant's service, and which were alleged to have been caused by the negligence of the foreman under whom he was working as a section-hand. The injuries were received on the 7th January, 1890, and resulted in the amputation of one of the plaintiff's legs. The action was commenced on the 24th May, 1890. The complaint contained two counts, each of which alleged that, at the time of the accident, plaintiff was in the defendant's service as a laborer, or section-hand, working under one Charles West, to whom as foreman was intrusted the superintendence of a "car

propelled by hand, called a lever-car," and also of the several section-hands under him. The first count alleged that, on the day specified, "whilst said car, under the superintendence of said West as foreman, was being propelled at a rapid rate of speed down a long and steep grade, and plaintiff was on the front end of said car, propelling the lever of said car under the direction and superintendence of said foreman, said foreman negligently and recklessly applied the brakes to the wheels of said car with too much force and suddenness, and negligently checked the speed of said car suddenly and without warning, whereby plaintiff was violently thrown from said car, and in front thereof," was run over, and injured. The second count alleged that, on the day specified, "said car was being propelled at a rapid rate of speed," at a certain place on the defendant's track, "under the charge and control of said foreman, and plaintiff was working the lever at the forward end of said car, under the direction of said foreman; and said foreman, negligently, carelessly and recklessly, applied the brakes to the wheels of said car with great force and suddenness, without warning or signal, whereby the speed of said car was suddenly and violently checked, and plaintiff was thereby violently thrown from said car," &c.

There was no demurrer to either count of the complaint, but, after verdict for the plaintiff for $6,000, the defendant moved in arrest of judgment, and specified twelve alleged defects in the complaint, as grounds for an arrest of judgment; all of which were overruled and refused. The record shows that the defendant filed three pleas: (1) that the allegations of the complaint are untrue; (2) a denial of each and every allegation of the complaint; (3) not guilty. If any other pleas were filed, the record does not show it, only reciting that the trial was had on issue joined.

The bill of exceptions purports to set out all the evidence introduced on the trial, and shows several exceptions reserved by the defendant; but a summary of the evidence is not necessary to an understanding of the points decided by this court. At the request of the plaintiff, the court gave the following charges to the jury: (1.) "It is the duty of the jury to weigh the evidence, and not merely to count the witnesses." (2.) "If the jury believe from the evidence that West knew that the persons operating the hand-car were at times in the habit of turning loose the lever when the car was running down grade, and that he applied the brake at a place where they were not accustomed to stop, so as to check the speed of the car with unnecessary and

dangerous suddenness, without notice to the persons operating the same, or looking to see whether they were holding to the lever, then such act of West was negligence."

(3.) "The court leaves it to the jury to say whether, under the evidence in the case, the plaintiff was guilty of contributory negligence."

The defendant excepted to each of these charges as given, and also to the refusal of twenty-three (23) charges asked in writing. The first charge instructed the jury that they must find for the defendant, if they believed the evidence; the second, that they must find for the defendant under the first count; the third, that they must find for the defendant under the second count, and the others were as follows :

(4.) "It is the duty of the jury to reconcile conflicting testimony, and they must say, if they can determine, who has told the truth ; and if they can not say who has told the truth, then they must find the facts, so far as there is conflict, not proven in the case; and if such facts are necessary to be proven in order for plaintiff to recover, they must find for the defendant."

(5.) "It is necessary in order that plaintiff recover in this action, for the jury to find that it was safer for the plaintiff to have hold of the handle of the lever then not to have hold of it, and further to find that his not having hold of the handle of the lever at the time of his injury was the proximate cause of his injury; and if the jury find that it was safer for the plaintiff to have hold of the handle of the lever than not to have hold of it, and that his not having hold of the handle of the lever at the time of plaintiff's injury was the proximate cause of his injury, then the plaintiff was guilty of contributory negligence as matter of law, and they must find for defendant."

(6.) "If it was the custom for the section foreman, West, to give no notice of the application of the brake before applying it, when he was near enough to apply the brake himself; that this custom was known, or should have been known, to the plaintiff, then it was not negligence for the section foreman to fail to give such notice when he applied the brake just before the plaintiff was hurt."

(7.) "Under the rule of the company introduced in evidence in this cause, if from the evidence you shall believe that the plaintiff, before and at the time he was hurt, had knowledge of such rule, it was the duty of the plaintiff to be cautious at all times, and to be prepared at all times for the passage of both regular and extra trains."

(8.) "If you believe from the evidence that defendant's

section foreman did not give plaintiff any notice that he was about to apply the brake before he did apply the brake, and that such failure to give notice was the proximate cause of plaintiff's injury, then you must find for defendant."

(9.)   "Under the evidence in this case, the failure of the section foreman to give notice before he applied the brake that he was going to apply the brake, was not negligence."

(10.)   "If it was less dangerous for the plaintiff to keep his hand all the while on the handle of the lever, than to turn it loose while it was down and hold on to it only while it was up, and if it was practicable for the plaintiff to hold on to the handle all the while, then it was negligence for the plaintiff not to hold to the handle of the lever all the while."

(11.)   "If you believe from the evidence that the car had reached a point about where the section foreman was accustomed to stop it, and that the plaintiff knew of this custom, then it would be negligence on the part of the plaintiff for him not to be prepared for the stopping of the car at such place."

(12.)   "If you believe from the evidence that the car had reached a point about where the section foreman was accustomed to stop it, and that the plaintiff knew of this custom, then it would be negligence on the part of the plaintiff not to expect the car to stop at such place, and be prepared for such stop."

(13.)   "Under the evidence in this case, the jury are not authorized to find that defendant's hand-car was stopped in an unusual and negligent way."

(14.)   "If you believe from the evidence in this case that the lever-car was going at the rate of eight or ten miles an hour, or as fast as a man could run; that the plaintiff was standing on his feet with his back turned towards the direction in which the car was going, with the handle of the lever just in front of him, moving up and down, but not so fast but that plaintiff could keep his hand on the handle as it went up, and failed to keep his hand on it as it went down; that while it was down, and while plaintiff's hand was off the handle, the section foreman, without notice to the plaintiff, applied the brake to stop or check the speed of the car; that the checking of the car under such circumstances caused the plaintiff to lose his balance and fall from the car; that his failure to keep his hand on the handle contributed to his injury, the brake being applied when plaintiff's hand was off the handle; then you must find for defendant."

(15.) "If you believe from the evidence that the plaintiff's failure to have his hand on the handle of the lever at the time the brake was applied was partly the cause of his injury, then you must find for the defendant."

(16.) "I charge you, that it was negligence, under the evidence in this case, for the plaintiff to stand on the car (while it was running at the speed it was going at) with his hand off the handle of the lever, if you believe from the evidence that at such time, and while going at such speed, it was practicable for the plaintiff to keep his hand on the handle."

(17.) "I charge you that a lever-car is not a car within the meaning of sub-division five of section 2590 of the Code of Alabama."

(18.) "If the evidence leaves the jury in doubt and uncertainty as to whether plaintiff's injury was caused by his having received no notice from the section foreman that he was going to apply the brake before he did apply the brake, they must find for defendant."

(19.) "If the jury find that the only benefit which the plaintiff would have derived from being notified by the section foreman that he was about to apply the brake, before he did apply the brake, was that it would have given the plaintiff an opportunity to have caught hold of the handle of the lever before he fell from the car, then the jury are not authorized to charge the defendant because of such want of notice."

(20.) "If the jury find from the evidence that the plaintiff did not have hold of the handle of the lever immediately before the time he fell from the hand-car, and further believe that plaintiff would not have fallen from the hand-car if he had hold of the handle of the lever, immediately before the time he fell from the hand-car, then they must find for defendant."

(21.) "Under the evidence in this case, it was not negligence on the part of defendant's section foreman to fail to notify plaintiff that he was about to apply the brake before he did apply the brake."

(22.) "If the jury believe from the evidence that it would have been safer for the plaintiff to have had hold of the handle of the lever immediately before he fell off the hand-car, and that he fell off of the hand-car because he did not have hold of the handle of the lever immediately before the time he fell, then they must find that plaintiff was guilty of negligence which contributed to his injury, and he can not recover in this action."

27

[Kansas City, Memphis & Birmingham R. R. Co. v. Crocker.]

(23.) "Unless the jury find from the evidence that it would have been safer for the plaintiff to have had hold of the handle of the lever than not to have had hold of the handle of the lever immediately before he fell off the hand-car, and further find that his not having hold of the handle of the lever immediately before he fell off the hand-car was the proximate cause of his injury, they must find for defendant."

HEWITT, WALKER & PORTER, and WALLACE PRATT, for appellant, submitted an elaborate printed argument, in which they discussed each of the assignments of error, 35 in number, and also filed two written arguments in support of their application for a rehearing. They relied mainly on the following points and authorities : (1.) The complaint shows no cause of action, because it shows that the plaintiff's injury was received in the operation of a lever-car, or car moved by hand ; and such a car, it is insisted, is not within the purview of the statute on which the action is founded. The word *car*, as found in the statute, was added by the codifiers, and must be construed in connection with the words associated with it, all of which show that the statute has reference only to cars which are intended to be drawn by a locomotive engine, though they may not be so drawn at the time of the injury ; and the obvious reason is, that a hand-car, or lever-car, is not within the mischief intended to be remedied, but is as easily controlled and managed as a team hitched to a wagon. (2.) The question propounded to the plaintiff, as to the speed of the car, called for illegal evidence, and the answer ought to have been excluded.—*Kuhn v. Railroad Co.*, 70 Iowa, 561 ; *Railroad Co. v. Hundley*, 38 Mich. 537. (3.) As to other rulings on evidence, see *L. & N. Railroad Co. v. Watson*, 90 Ala. 68 ; *Railroad Co. v. Propst*, 83 Ala. 526 ; *Seals v. Edmondson*, 71 Ala. 509 ; *Railroad Co. v. Hall*, 87 Ala. 708 ; 71 Ill. 366 ; 55 Iowa, 92 ; *Taylor v. Monroe*, 43 Conn. 36 ; 89 Amer. Dec. 596, note ; 22 Amer. Rep. 592 ; 111 N. Y. 553. (4.) The first charge given at the instance of the plaintiff was argumentative ; and the second was abstract, misleading, and erroneous.—*Railway Co. v. Calderwood*, 89 Ala. 247 ; *Railroad Co. v. Bayliss*, 74 Ala. 159 ; *Railroad Co. v. Jones*, 71 Ala. 487 ; *Cook v. Railroad Co.*, 67 Ala. 540 ; 17 Atlantic Rep. 7 ; 15 Amer. & Eng. R. R. Cases, 187 ; 44 *Ib.* 529 ; 38 *Ib.* 25 ; 26 Iowa, App. 356 ; Beach Contr. Neg., 157. (5.) There was no proof of any negligent act on the part of the foreman, and the several charges asked properly pre-

sented that question in its different phases.—*Thompson v. Duncan*, 76 Ala. 334; *Railroad Co. v. Walters*, 91 Ala. 435; 15 Amer. & Eng. *R. R. Cases*, 187; 44 *Ib.* 529; 38 *Ib.* 25; 21 *Ib.* 535; 26 Iowa, App. 356; 17 Atlantic Rep. 7; 35 N. W. Rep. 866; 111 N. Y. 550; 116 N. Y. 628; 14 Amer. & Eng. Encyc. Law, 903, § 19; *Couch v. Watson Coal Co.*, 5 Cent. L. J. 108. (6.) The plaintiff did not exercise that degree of care which a prudent man would have exercised under the circumstances, and his contributory negligence precludes a recovery.— *. & W. Railway Co. v. Bradford*, 86 Ala. 563; *Woodward Iron Co. v. Jones*, 80 Ala. 123; *Campbell v. Lunsford*, 83 Ala. 512; *C. & W. Railway Co. v. Bridges*, 86 Ala. 455; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *R. & D. Railroad Co. v. Chasteen*, 88 Ala. 591; *L. & N. Railroad Co. v. Hall*, 87 Ala. 708; *Lathrop v. Fitchburg R. R. Co.*, 150 Mass. 423; *Humphreys v. Railroad Co.*, 10 S. E. Rep. 39; *Smith v. Railroad Co.*, 5 S. E. Rep. 896; 16 Pac. Rep. 131; 11 Amer. & Eng. R. R. Cases, 115; 34 *Ib.* 488; 27 *Ib.* 216; Shear. Negligence, 142, note 11; Patterson's Railway Accident Law, § 66; 2 How. Pr., N. S., 416. (7.) The defense of contributory negligence was available under the general issue.—*Gov. St. Railway Co. v. Hanlon*, 53 Ala. 76; *Carter v. Chambers*, 79 Ala. 223; *L. & N. Railroad Co. v. Perry*, 87 Ala. 392; *Pryor v. L. & N. Railroad Co.*, 90 Ala. 32; *Geo. Pac. Railway Co. v. Hissong*, 91 Ala. 514; *Holland v. Tenn. Coal, Iron & R. R. Co.*, 91 Ala. 444; *R. & D. Railroad Co. v. Black*, 9 So. Rep. 568; *Ensley Railway Co. v. Chewning*, 93 Ala. 24; *Railway Co. v. Davis*, 92 Ala. 300; *Railway Co. v. Lee*, 92 Ala. 262; *Railway Co. v. Calderwood*, 89 Ala. 247. These decisions have settled this question as a rule of practice, and they are substained by the decisions of other courts.—*Bridge v. Grand Junction Railway*, 2 M. & W. 214; *Holden v. New Gas Co.*, 54 E. C. L. Rep. 14; *Cunningham v. Lynn*, 22 Wis. 245; 23 Minn. 307; *Steele v. Burkhardt*, 104 Mass. 59; *Railroad Co. v. Rutherford*, 29 Ind. 82; *Turnpike Co. v. Baldwin*, 57 Ind. 86. See, also, Thompson on Negligence, 1179; Shear. & R. Negligence, § 113. (8.) The record shows that the defense of contributory negligence was in issue before the court and jury; that evidence was introduced, without objection, relevant only to that issue, and that charges were given and refused bearing on it. Under these circumstances, this court will presume that the issue was properly presented, either by technical plea, or by waiver of objection to the want of it; will hold the plaintiff to the case on which he relied in the court below, and will not allow a technicality to defeat a meritorious defense.

*Prior v. Beck,* 21 Ala. 393 ; *Eastland v. Sparks,* 22 Ala. 607 ; *Lucas v. Hitchcock,* 2 Ala. 287 ; *Castleberry v. Pierce,* 2 S. & P. 141 ; *Jennings v. Cummings,* 9 Porter, 310 ; *Barney v. Bush,* 9 Ala. 345 ; *Bettis v. Saint,* 28 Ala. 214 ; 60 Amer. Dec. Dec. 560 ; *Stanley v. Br. Bank,* 23 Ala. 652 ; *Howell v. Reynolds,* 51 Mo. 154 ; *Insurance Co. v. Harlan,* 72 Mo. 202 ; *Young v. Glasscock,* 79 Mo. 579 ; *Walker v. Owen,* 79 Mo. 563. (9.) No recovery could be had under the second count, which alleged that the injury was inflicted *recklessly,* because there was no evidence which tended to show anything more than simple negligence on the part of the foreman.—*Railroad Co. v. Coulton,* 86 Ala. 131 ; *Railroad Co. v. Johnston,* 79 Ala. 436 ; *Railroad Co. v. Jacobs,* 92 Ala. 187 ; *Winn v. H. A. & B. Railroad Co.,* 93 Ala. 306 ; *A. G. S. Railroad v. Frazier,* 93 Ala. 45.

TALIAFERRO & HOUGHTON, in their original brief, argued each of the assignments of error in order, and also filed a written argument in reply to the application for rehearing. On the questions of evidence, they cited *Railroad Co. v. Crist,* 116 Ind. 446 ; 19 Amer. St. 805, 875 ; 119 Mich. 105 ; 36 Iowa, 462, 662 ; *Gibson v. Hatchett,* 24 Ala. 201 ; *Otis v. Thom,* 23 Ala. 469 ; *Railroad Co. v. Edwards,* 41 Ala. 567 ; *Tanner v. Railroad Co.,* 60 Ala. 621. As to the question of negligence on the part of the foreman of the car, they cited *Frazier v. L. & N. Railroad Co.,* 81 Ala. 185 ; *Cook v. Central Railroad Co.,* 67 Ala. 533 ; *Tanner v. L. & N. Railroad Co.,* 60 Ala. 621 ; *Railroad Co. v. Phillips,* 112 Ind. 59, or 2 Amer. St. 155. They contended, also, that the question of contributory negligence was not raised by the pleadings, and that this court would not presume, in favor of a reversal, that such a plea was filed ; citing to these points the following cases : *Petty v. Dill,* 53 Ala. 641 ; *Howland v. Wallace,* 81 Ala. 238 ; *Daniel v. Hardwick,* 88 Ala. 557 ; *Slaughter v. Swift,* 67 Ala. 494 ; *Harper v. Weeks,* 89 Ala. 577 ; *Cook v. Central Railroad Co.,* 67 Ala. 533 ; *Thompson v. Duncan,* 76 Ala. 334 ; *Tanner v. L. & N. Railroad Co.,* 60 Ala. 621 ; *Bingham v. Carlisle,* 78 Ala. 243 ; *Railroad Co. v. Chambers,* 79 Ala. 338 ; *Dent v. Smith,* 15 Ala. 286 ; *Eastland v. Sparks,* 22 Ala. 607 ; *Gray v. Raiborn,* 53 Ala. 40 ; *Marriott v. Lewis,* 25 Ala. 332 ; *Railroad Co. v. Perryman,* 91 Ala. 413.

WALKER, J.—No demurrer was interposed to the complaint. The defendant moved to arrest judgment on the verdict rendered by the jury. This motion was predicated upon the ground that the complaint did not show any cause

of action, and would not support the judgment. The motion was properly overruled, if the complaint contained a substantial cause of action.—Code of 1886, § 2835. In support of the motion it is urged, that the complaint does not allege a cause of action against the defendant as the employer of the plaintiff, unless the averments thereof show that the injury complained of was caused by reason of such negligence as is specified in subdivision 5 of section 2590 of the Code of 1886; and that, in imputing the injury to the negligence of a person in the service or employment of the defendant who had charge or control of "a car propelled by hand, called a lever-car," the complaint does not show that such person had charge or control of a "car" within the meaning of that word as used in the statute.

Sub-division 5 of section 2590 of the Code is in these words : "When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal, points, locomotive, engine, switch, car, or train upon a railway." In the corresponding sub-division of the original act, upon which this section of the Code is founded, the language is, "by reason of the negligence of any person in the service of the employer, who has the charge or control of any signal, switch, engine, or train upon a railway, or any part of the track thereof."—Acts of Ala. 1884-85, p. 115. It thus appears that the words "points," "locomotive" and "car," were introduced by the codifiers. A result of the change is to enable an employe to maintain an action against his employer, for an injury caused by reason of the negligence of any person in the service or employment of the master or employer who has the charge or control of any car upon a railway. It is argued that, as the word "car" is used in connection with the words "locomotive," "engine" and "train," it was intended to mean a vehicle used on a railway for the transportation of passengers or freight, which is propelled by a locomotive or engine, and forms a part of a train. It is true, that in determining the true sense of a word which has a variety of meanings, regard should be had to the other words with which it is associated, and to the subject-matter in relation to which it is used. As the clause of the statute which is under consideration has reference to injuries received in railway service, it seems plain that the word "car," as here used, does not include such vehicles moved on wheels as are not used on railways, though there are such vehicles which may properly be called cars. It is not difficult to

select from the several definitions of the word "car," as found in the dictionaries, one which is applicable to the word as used in the statute. The Century Dictionary gives this, among other definitions : "a vehicle running upon rails." One of Webster's definitions is : "a vehicle adapted to the rails of a railroad." We find nothing in the language of the statute to suggest that the word as there used was intended to convey a meaning which excludes the idea of a hand or lever-car. Such cars are used in the ordinary business of railroads. Employes who ride upon them, or who are in the discharge of duties on or near to tracks over which they are propelled, are liable to be injured in consequence of the negligent handling of them. It is plain that subdivision 5 of the statute covers the case of an injury caused by reason of the negligence of a co-employe who has the charge or control of a car, though such car is at the time in no way connected with an engine, and is not a part of a train. The negligent handling of a detached passenger or freight-car may cause an injury which is actionable under the statute. It is not necessary that the car be connected in any way with a locomotive, or with other cars forming a train. If the car is adapted to the rails of a railroad, and is used in the business of railroads, we think that it is none the less within the meaning of the word as used in the statute because it is made to be propelled by hand. The motion in arrest of judgment was properly overruled.

2. The complaint attributes the injury complained of to the negligence of the foreman in applying the brake without warning while the car was being propelled at a rapid rate of speed, and thereby suddenly checking its speed and causing the plaintiff to be violently thrown off, in front of the moving car, so that it ran against and over him. Evidence tending to show the speed of the car was competent in support of the allegations of the complaint in that regard. On this subject the plaintiff stated : "I would think the lever-car was going at the rate of eight or ten miles an hour." His counsel then asked him this question : "About how fast, compared to a man running?" The defendant's objection to the question having been overruled, the witness answered : "Well, sir, it was running faster than a man could run." The defendant's motion to exclude the answer was also overruled. It is often impossible for the appearance which was presented by a moving object to be conveyed to the minds of the jury so clearly that they could form a satisfactory conclusion as to its velocity, without the aid of the opinions of eye-witnesses. Conclusions

upon such a question as the speed of a moving vehicle are necessarily, in most instances, based upon the opinions of persons who observed it. Because no better evidence can ordinarily be obtained, or the facts can not otherwise be presented to the jury, the law admits the opinion of ordinary witnesses, derived from observation, as evidence on the question of the speed at which an object was moving at a certain time. Such opinions may often be no more definite than that the object in question was moving at a greater or less rate of speed than other familiar objects which the witness had been accustomed to observe in motion. That the witness is unable to state that the object in question was moving at the rate of a certain number of miles in an hour would not necessarily render his opinion useless as an aid to the jury. Assistance in coming to a conclusion on such a question may be derived from a statement that the object was going slowly, or at a snail's pace, or no faster than a man walks, or faster than a man could run. The opinions are admitted to enable the jury to realize, as far as possible, the impression as to speed made by the moving object upon the mind of one who saw it. It would be more satisfactory if the admissibility of such opinions could be made to depend upon their conformity to some definite standard of clearness or accuracy in their formation and expression. It is not practicable, however, to fix any such standard. The vagueness of the opinion would only go to the weight of the testimony, and not to its admissibility. As the statement made by the plaintiff in answer to the question above referred to was admissible as the expression of his opinion based upon observation, we do not think that opinion should have been excluded because it was not more definite; and as the question did not elicit incompetent evidence, no injury resulted to the defendant in consequence of its allowance.—Lawson on Opinion and Expert Evidence, pp. 460–462–465; *Evansville & T. H. R. R. Co. v. Crist*, 116 Ind. 446; s. c., 9 Amer. St. Rep. 865, and notes; *Guyenhein v. Lake Shore & M. S. R. Co.*, 32 Am. & Eng. R. Cases, 89.

3. There was no evidence tending to show that any one on the lever-car heard an extra train coming, or that a train was in fact approaching from either direction when the brake was applied by the foreman. The inquiry as to what the section-foreman and the section-hands should do with a lever-car on which they are riding, when they hear a train coming, could not tend to throw any light on the question of the foreman's duty in the circumstances

shown by the proof. It could only tend to divert the minds of the jury to lay before them evidence to show what would have been the duty of the men on the car under an imaginary state of circumstances, different from that developed by the proof in the case on trial. The objection to the question calling for such evidence was properly sustained.

4. The question in reference to the danger incurred by one who fails to hold on to anything while standing on a moving lever-car called for evidence which, in connection with the other proof in the case, would have tended to show that the plaintiff was negligent in that regard. Contributory negligence is in its nature defensive, and the burden of proof to show it is upon the party who relies upon it. The pleas interposed by the defendant in this case did not go beyond a traverse of the allegations of the complaint. If contributory negligence on the part of the plaintiff was relied upon as matter of defense, it should have been specially pleaded. A denial of the charge of negligence made against the defendant in no way involves the averment of negligence on the part of the plaintiff. The defendant's pleas did not present any issue of contributory negligence.—*Thompson v. Duncan*, 76 Ala. 334; *Mobile & Montgomery Ry. Co. v. Crenshaw*, 65 Ala. 566; *Louisville & Nashville R. Co. v. Hall*, 87 Ala. 708; *North Birmingham S. Ry. Co. v. Calderwood*, 89 Ala. 247; Beach on Contributory Negligence, § 157. It is proper to exclude evidence which is pertinent only to an issue which is not presented by the pleadings. For this reason, the objections to the questions as to the plaintiff's negligence in letting go the handle of the lever-car were properly sustained.

5. The question propounded by the counsel for the defendant to the witness West on his direct examination, to which an objection was sustained, was so framed as to suggest the answer desired. The witness had just stated that he never ran on a curve without stopping to ascertain whether any trains were coming. To ask him, immediately after this statement, if it was his duty to make such a stop or not, was well calculated to indicate to him what answer was expected. The court was justified in sustaining the objection to the question, because of its leading character under the circumstances.

6. It is true that it is the duty of the jury to weigh the evidence, and not merely to count the witnesses introduced by the respective parties. We are unable to perceive how

any injury could have resulted to the defendant from the giving of the charge to this effect.

7. It was shown without contradiction that, when the brake was applied, the plaintiff was standing in the front end of the car, facing in the direction from which the car was coming, and that he was assisting in working the handle of the lever on that end of the car; that in the position he was in there was nothing he could hold to but the handle of the lever. There was evidence tending to show that, when the lever-car was under good headway the men working the lever would at times turn it loose without holding on to anything else; and that, on the occasion in question, the plaintiff in assisting to work the lever would let go the handle as he pushed it down. There was evidence to support a finding that West knew that the persons operating the hand-car were at times in the habit of turning loose the lever, when the car was running down grade. If with this knowledge, and at a place where they were not accustomed to stop, he applied the brake so as to check with unnecessary and dangerous suddenness the speed of the car when it was running down grade, without notice to the persons operating the same, and without looking to see that such persons were holding to the lever, the inference of negligence from such conduct is clear and certain. The sudden checking of the car without notice necessarily involved the danger of a fall to a person who was standing upon it without support. If the state of facts hypothesized in the second charge given at the request of the plaintiff had been submitted to the court as a special finding of the jury, the conclusion of negligence could have been pronounced as a matter of law. The charge submitted the questions of fact for the determination of the jury from the evidence. There was no error in instructing them that, if they believed from the evidence that such was the state of facts, then the act of the foreman was negligent.—*Louisville & Nashville R. Co. v. Perry*, 87 Ala. 392; *East Tenn. Va. & Ga. R. Co. v. Bayliss*, 74 Ala. 150; *City Council of Montgomery v. Wright*, 72 Ala. 411.

8. As the defense of contributory negligence was not presented by the pleadings, no injury could have resulted to the defendant by the charge stating that "the court leaves it to the jury to say whether, under the evidence in this case, the plaintiff was guilty of contributory negligence." This charge should have been refused; but the giving of it could work no injury to the defendant, as the effect was to allow the defendant the benefit of a defense which had not been set up.

Charges 5, 7, 10, 11, 12, 14, 15, 16, 20, 22 and 23 requested by the defendant were instructions upon the question of the plaintiff's contributory negligence. As that question was not presented by the pleadings, all of them were properly refused on that ground, without regard to other defects in several of them.

9. A proposition of the fourth charge requested by the defendant is, that if the jury can not say who has told the truth, then they must find the facts, so far as there is conflict, not proven in this case, and if such facts are necessary to be proved in order for plaintiff to recover, they must find for the defendant. A jury may not be satisfied that any one witness in the case has told the truth throughout his testimony, and yet they may be able, from a fair consideration of all the evidence before them, to arrive at a satisfactory conclusion in reference to the matter presented for their determination. They should not be instructed to make up an issue as to the testimony of each witness, and render a verdict as to its truth or falsity. In weighing all the evidence, it can not be said to be their duty to reject the entire testimony of a witness who has erred in some material particular. An untrue statement may be attributable to an honest mistake, and may be reconcilable with the absence of any intention to misrepresent the facts. If the jury can satisfactorily determine the issues of fact presented to them by weighing the evidence and sifting out the truth, their conclusion would not be vitiated because they could not say that the witnesses upon whose testimony their verdict is based have stated nothing but the truth of the matter as they have found it. The charge was properly refused.

10. Although there was no custom to give notice before applying the brake, yet it is plain that it might be applied to check the car in such a manner, and under such circumstances, that a failure to give notice would render the act negligent and unnecessarily perilous to other persons on the car. There was evidence tending to show that the foreman applied the brake so as to check the car very suddenly, while it was in rapid motion, and at a place where it was unusual to make a stop. It was for the jury to say from the evidence whether the brake was applied in such a manner as to render the act negligent. Charges 6, 8, 9, and 21 requested by the defendant were properly refused, because they assert, in effect, that the absence of a custom on the subject would preclude the imputation of negligence to the act of the foreman in applying the brake without notice

under any circumstances. Though the jury were in doubt and uncertainty as to whether plaintiff's injury was caused by his having received no notice of the intended application of the brake, yet they would not be justified in finding for defendant if they believed from the evidence that the injury to the plaintiff was caused by the negligence of the foreman in checking the speed of the car suddenly and without warning, as alleged in the complaint. If the injury could properly be imputed to the negligence alleged, it was not necessary that the jury should be able to affirm that it was caused solely by the failure to give warning, which was but one feature of the negligence charged. This consideration discloses the incorrectness of charge 18 requested by the defendant. Charge 19 was misleading and confusing in singling out an isolated feature of the negligence alleged, and was calculated to convey the impression that the injury must be attributable solely to the want of notice. The two charges last mentioned ignore facts other than those hypothetically stated which there was evidence tending to prove, and the existence of which would avoid the legal conclusions respectively stated.— *White v. Craft*, 91 Ala. 139.

As has been already indicated, there was evidence from which the jury would be authorized to find that the injury was caused by the checking of the car in an unusual and negligent way. Charge 13 requested by the defendant was properly refused, because it asserted that there was no such evidence.

The principal argument suggested in support of the correctness of charges 1, 2 and 3 requested by the defendant is the one which has already been considered and disposed of in the review of the action of the lower court in overruling the motion in arrest of judgment.

We have discovered no reversible error in the record, and the judgment must be affirmed.

(In response to application for re-hearing.)

WALKER, J.—It is insisted in the application for a rehearing that the defense of contributory negligence could be made under the general issue. The scope of that plea is prescribed by the statute. It puts in issue "all the material allegations of the complaint."—Code of 1886, § 2675. Of this statutory plea it was said in *Petty v. Dill*, 53 Ala. 645: "It cast on the plaintiffs the *onus* of proving every material allegation of the complaint; it limited the defense to evidence in disproof of them. No matter in avoidance of the

allegations of the complaint, or in excuse or justification of the wrongful act imputed to the defendant, was within the issue found. All such matters the statute required to be specially pleaded. . . . If it was intended to confess and avoid, . , the matter of avoidance should have been specially pleaded. The general denial of the allegations of the complaint was not sufficient to put it in issue." It is well settled, that any defense, special in its nature, or reaching beyond a mere denial of the material allegations of the complaint, is required by the statute to be presented by a special plea.—*Howland v. Wallace*, 81 Ala. 238; *Daniel v. Hardwick*, 88 Ala. 557; *Slaughter v. Swift*, 67 Ala. 494. The question, then, is, does a statement of a cause of action based upon the charge that the defendant was negligent, involve the assertion that no negligence on the part of the plaintiff proximately contributed to the injury of which he complains, so that a mere denial of the allegations of the complaint casts the burden on the plaintiff to show that he was not guilty of contributory negligence? As shown in the opinion already delivered in this case, this court has several times decided that contributory negligence is in its nature defensive, and that it is not incumbent on the plaintiff in the first instance to negative the defense either in his pleading or in his proof. Contributory negligence is none the less defensive because the proof of it is disclosed in the evidence which the plaintiff himself offers in support of the charge that the defendant was negligent. The ruling in *North Birmingham Street Railway Co. v. Calderwood*, 89 Ala. 254, that the burden of proving contributory negligence is not on the defendant when it is shown by the evidence introduced by the plaintiff, has not been adhered to. The rule on this subject which we regard as correct is thus stated in a later case; "The *onus* in this regard is in all cases on the defendant, though plaintiff's evidence sometimes relieves from the necessity of discharging it."—*Geo. Pac. Railway Co. v. Davis*, 92 Ala. 312. The defendant need not introduce evidence in support of a special plea, if the evidence introduced by the plaintiff has already established the defense. But the source from which the evidence to support a defense comes does not determine that it was not purely defensive matter, and available only under a special plea, or that the burden to prove it was not on the defendant. The term "contributory negligence," instead of implying such a denial of the material allegations of the complaint as is made by pleading the general issue, implies just the contrary. The theory of this special defense is, that the de-

fendant was negligent, but that the negligence of the plaintiff conduced to the injury complained of. The defense is in the nature of a confession and avoidance. It may be fully made out without denying a single allegation of the complaint. The pith of it is, that admitting that the defendant was negligent as charged, yet the plaintiff is not entitled to recover because his own negligence proximately contributed to the injury. The plea of contributory negligence, when standing by itself, admits the negligence charged in the complaint.—*L. & N. R. R. Co. v. Hall,* 87 Ala. 708; *Carter v. Chambers,* 79 Ala. 229; *Geo. Pac. Railway Co. v. Lee,* 92 Ala. 270. Now, the very essence of the general issue is a denial of all the material allegations of the complaint. When negligence is counted on, the fact of negligence is certainly denied by the general issue. The same words can not at once be a denial and an admission of the same thing. The statutory general issue does not palter in a double sense. It does not admit what it denies. True, it was said in *Government St. R. R. Co. v. Hanlon,* 53 Ala. 70, that the defense of contributory negligence was available under the general issue. The statement of this proposition was not necessary to the decision in that case. It is stated in the report that the record did not disclose upon what pleas the case had been tried. Such being the case, as it appeared that the defense of contributory negligence was considered without objection on the trial, it could have been presumed, in favor of the correctness of the rulings of the lower court, that the defense was presented by a special plea.—*Brinson v. Edwards,* 94 Ala. 447. The proposition, however, that the defense of contributory negligence could have been availed of under the general issue, was simply asserted without discussion or argument, and the only authority cited in support of it was *Steele v. Burkhardt,* 104 Mass. 59. The ruling of the Massachusetts court in the case cited is put upon the ground that the plaintiff's allegation that the injury happened in consequence of the negligence of the defendant implies that there was no negligence on the part of the plaintiff which contributed to the injury, and throws upon him the burden of proving that he was free from such negligence. It is now well settled in this State that no such implication is involved in the plaintiff's allegation that the defendant's negligence caused the injury, and the burden is not primarily on the plaintiff to negative fault on his part. During the sixteen years that have elapsed since the case above cited from 53 Ala. was decided, many phases of the defense of contributory negli-

[Kansas City, Memphis & Birmingham R. R. Co. v. Crocker.]

gence have been passed on by this court. The proposition that that defense is available under the general issue has not been reaffirmed. This court has declined to reaffirm the proposition.—*Montgomery & Eufaula R. Co. v. Chambers*, 79 Ala. 342. In *Rich. & Danv. R. Co. v. Hammond*, 93 Ala. 181, it was distinctly recognized, that the defense is one requiring a special plea to support it. As the nature of the defense has been brought out in clearer light in the later decisions, its distinctive character as a special defense has been fully established. A defense which in its very nature concedes the truth of the charge against the defendant, but avoids the effect of the concession by making a counter charge against the plaintiff, can not reasonably or logically be availed of under a plea which limits the defendant to evidence in disproof of the charge made in the complaint. We adhere to the ruling that the defense of contributory negligence must be made by a special plea. On this point the case of *Government St. R. R. Co. v. Hanlon, supra*, must be overruled.

Our attention has been called to several cases in which the defense of contributory negligence was considered by this court, though only the general issue was pleaded. *Pryor v. Louis. & Nash. R. R. Co.*, 90 Ala. 32: *Hissony v. Rich. & Danv. R. R. Co.*, 91 Ala. 514. In neither of those cases did the court notice the point. Nothing was said on the subject. Those cases are not authorities against a proposition which was not mentioned therein in any way. Former decisions are entitled to weight, under the doctrine of *stare decisis*, only when the proposition in support of which they are cited was considered and passed on.

The defendant's pleas, three in number, are set out in their proper place in the record. This court can not indulge the presumption that other pleas were filed, especially as the indulgence of such presumption would involve the imputation of error to the trial court. When the record fails to set out the pleas, but it appears that special defenses were considered by the trial court without objection, to avoid the imputation of error, it may be presumed that such defenses were supported by proper pleas. But when a complaint and pleas thereto are found in the record, there is no more room for a presumption that other and different pleas were interposed, than there would be for a presumption that allegations other than those which the record discloses were added to the complaint by amendment.

It is also insisted that the conduct of the plaintiff on the trial, as disclosed in the bill of exceptions, shows that he

treated the defense of contributory negligence as duly presented, and that he can not now claim that it was not raised by the pleadings. Conceding that the issues could be enlarged by consent without proper pleading, notwithstanding the rule laid down in *Burns v. Campbell*, 71 Ala. 294; the question, then, is, does the conduct of the plaintiff show that he consented to treat the defense of contributory negligence as properly presented? The evidence introduced by the plaintiff was confined to the support of the allegations of the complaint. It showed the position occupied by the plaintiff at the time of the accident, and the circumstances under which the foreman applied the brake. The defendant claimed that the plaintiff was negligent in not keeping hold of the lever while the hand-car was in motion, in not being prepared at all times for the stopping of the hand-car to let regular or extra trains pass, and in not anticipating that the brake might be applied at any time without warning. All the evidence to show that it was safer to hold on to something while the car was in motion, or that it was the duty of those on the car to be prepared at all times for the passage of trains, or that it was not usual to give notice of the application of the brake, was called out by the defendant. The plaintiff did not start either of these inquiries. The bill of exceptions shows that the plaintiff objected to evidence which was properly excluded because the issue of contributory negligence was not presented. Of course, no exception of the plaintiff, which was not sustained, is shown in the defendant's bill of exceptions. If the plaintiff objected to all the evidence offered by the defendant and admitted on the question of contributory negligence, the defendant's bill of exceptions would not show that such objection was made. There is nothing in it to show that the plaintiff did not object to any of the evidence admitted against him. It is not to be inferred that the plaintiff did not object because his objections do not appear in the defendant's bill of exceptions, where it is not to be supposed that they would be noted if they were unavailing. The plaintiff did offer evidence in rebuttal of the evidence introduced by the defendant on the question of contributory negligence. This did not show that he waived the irrelevancy of the defendant's evidence on this subject. It is not error to permit the rebuttal of illegal evidence with illegal evidence.— *Gibson v. The State*, 91 Ala. 64. There is nothing in the introduction of evidence to show that the plaintiff consented to treat the defense of contributory negligence as properly pleaded.

It is further insisted that the action of the plaintiff in requesting a charge on the subject implies such consent. When the court permits the defendant to make a defense not presented by his pleas, the plaintiff may as effectually protect himself on the trial against this erroneous action of the court by showing the insufficiency of the evidence to support the defense, as by relying, in the appellate court, on the error of the trial court in treating such defense as properly presented. A claim by the plaintiff that the evidence does not support the defense, and his request for a charge to the jury in reference to the evidence on the subject, is not inconsistent with a contention on his part that there is no plea to support such defense, and does not involve a concession or agreement that such defense has been duly pleaded. We do not think that the action of the plaintiff in requesting charge No. 3, given at his instance, shows that he consented to treat the defense of contributory negligence as properly raised.

In the application for a re-hearing it is contended for the first time the plaintiff was not entitled to recover on the second count of the complaint, unless the evidence showed such recklessness on the part of the defendant, its agents or servants, as would avoid the defense of contributory negligence; and that there was no evidence tending to show such recklessness. On the strength of this proposition it is claimed that the general affirmative charge in favor of the defendant as to the second count of the complaint should have been given as requested. The count, in describing the manner in which the brake was applied by the foreman, charges that it was done "negligently, carelessly and recklessly." The question presented is, does the mere fact that the act is stated to have been reckless put upon the plaintiff the burden of making out such case that his own contributory negligence would not stand in his way of right to recovery? It has been decided in several cases that a charge that the act complained of was willful, or that it was knowingly done, can not be supported by evidence of mere negligence, not involving willfulness or knowledge of the danger.—*L. & N. R. R. Co. v. Johnston*, 79 Ala. 436; *L. & N. R. R. Co. v. Coulton*, 86 Ala. 129; *Birmingham Min. R. R. Co. v. Jacobs*, 92 Ala. 192; *Highland Ave. & B. R. Co. v. Winn*, 93 Ala. 306. And it has been held that a plea of contributory negligence to a complaint charging a willful infliction of injury by the defendant is bad on demurrer.—*A. G. S. R. R. Co. v. Frazier*, 93 Ala. 45. The word *willful* imports that the act to which it refers is done inten-

tionally, purposely. This is not necessarily so with the word *reckless.* The latter word has a wide range of meaning. In its milder sense it may imply mere inattention to duty—thoughtlessness—indifference, carelessness, negligence; or import a heedless disregard of obvious consequences. Webster's Int. Dict.

In *Harrison v. The State,* 37 Ala. 154, the distinction was drawn between the words *willful* and *reckless,* as employed in reference to criminal acts. It was there said, "The word *willful,* when employed in penal enactments, has not always the same meaning. In this statute, it is used as the synonym of *intentional,* or *designed—pursuant to intention* or *design; without lawful excuse.* . . . The word *reckless* means 'heedless, careless, rash, indifferent to consequences.' Now, one may be heedless, rash, or indifferent to results, without contemplating or *intending* these consequences. As a general rule, there is a wide difference between intentional acts and those results which are the consequence of carelessness," The same distinction was recognized in a late case.—*Johnston v. State,* 92 Ala. 82. The distinction is not obliterated when the two words are used in characterizing civil torts instead of crimes. Now, the degree of recklessness which will avoid the defense of contributory negligence is such as implies a willingness or a purpose to inflict the injury complained of—a consciousness that the unwarranted conduct will inevitably or probably lead to wrong and injury.—*Ga. Pac. R. Co. v. Lee,* 92 Ala. 262. In charging recklessness in general terms, no more is necessarily implied than such mere negligence, thoughtlessness or inadvertence as could not be regarded as the equivalent of intentional wrong, and which, therefore, would be insufficient to overcome the defense of contributory negligence. A plea of contributory negligence can not be regarded as presenting no defense, because recklessness is charged in the complaint, unless it appears from the averments of the complaint that the recklessness charged amounted to more than mere negligence. There is nothing in the averments of the second count of the complaint in this case to show that the word was used in its harsher sense. There was evidence tending to show that the act of the foreman in applying the brake was reckless within the milder meaning of that word as above defined. The averments of the complaint by no means necessarily import that the objectionable act of the foreman was willful.

It is much to be regretted if the defendant has, in consequence of an erroneous statement in a former opinion

delivered by this court, lost any of the benefits of a defense which was supposed to be presented by pleading the general issue.  But since the date of the decision in which that statement was made, this court has several times so clearly marked the scope of the statutory plea of the general issue, and has also so fully discussed the characteristics of the defense of contributory negligence, that it is plain, in view of such later adjudications, that that defense must be presented by a special plea.  We know of no rule that would authorize a reversal of the case in order to afford the defendant an opportunity to file additional pleas.  In considering the refusal of the trial court to rule as requested by the defendant, we can look only to the case as found in the record.  We discover no error therein of injury to the appellant.  The application for a rehearing must be denied.