STATE OF MAINE *vs.* EDMUND TARDIFF.

Penobscot. Opinion May 5, 1914.

*Cars. Demurrers. Exceptions. Indictment. Locomotive Engine.*

1. The undoubted purpose and object of the statute is not only to prevent annoyance and damage to the railroad itself, but to protect the traveling public against accident from any possible collision with a railroad car which might thus be moved or set in motion upon the track.

2. The broadest possible definition should be given to the words "railroad car," and it should include any and every vehicle constructed and calculated for operation over railroad tracks, since any vehicle capable of being so operated whether moved and running wild, or in the hands of an irresponsible person, may be the efficient cause of a serious railway accident.

On exceptions by defendant. Exceptions overruled.

This is an indictment against the respondent under section 6 of chapter 126 of the Revised Statutes for wilfully, mischievously and maliciously entering upon a railroad track of the Bangor and Aroostook Raliroad Company, a corporation then and there owning and operating a steam railroad in and through the State of Maine, and without consent of, or permission from said Bangor and Aroostook Railroad Company, and then and there wilfully, mischievously

and maliciously set in motion on the track of said Railroad Company, in the town of Glenburn, a railroad car, to wit, a railroad hand car, and propelled the same for a great distance along said track.

At the September term, 1913, of said court, the defendant was arraigned and pleaded that he was not guilty. The defendant filed a demurrer, which was overruled by the presiding Justice, from which ruling the defendant excepted.

The case is stated in the opinion.

*Donald F. Snow,* County Attorney, for the State.

*George E. Thompson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

SPEAR, J. This case comes up on exceptions to the overruling of a demurrer to the following indictment: "The Grand Jurors for the state aforesaid, upon their oath present that Edmund Tardiff otherwise known as Edmond Tardiff of Brewer in the County of Penobscot on the twelfth day of August in the year of our Lord one thousand nine hundred and thirteen at Glenburn in the County of Penobscot, aforesaid, wilfully, mischievously and maliciously entered upon the railroad track of the Bangor and Aroostook Railroad Company, a corporation then and there owning and operating a steam railroad in and through the State of Maine, and without consent of or permission from said Bangor and Aroostook Railroad Company then and there wilfully, mischievously and maliciously set in motion on the track of said Railroad Company in said Glenburn a railroad car, to wit, a railroad hand car, and propelled the same for a great distance along said track, against the peace of said state, and contrary to the form of the statute in such case made and provided." The statute upon which this indictment was based reads as follows: "Whoever wilfully, mischievously or maliciously breaks and enters any railroad car on any railroad in the state, or destroys, injures, defiles or defaces any railroad car on any railroad in the state, or mischievously or maliciously releases the brakes upon, moves or sets in motion any railroad car on the track or side track of any railroad in the state, shall be punished by imprisonment

not exceeding two years, or by fine not exceeding five hundred dollars, and shall also be liable to the corporation injured in an action of trespass for the amount of injury so done, and for a further sum not exceeding in all three times such amount as the jury deems reasonable." The only question involved is, Does the term "railroad car," as used in the above section, include a "hand car?" Or, in other words, is a "railroad handcar" a "railroad car" within the meaning of the statute. We think it is. This statute embraces several offences each punishable by the same penalty. The offence for which the respondent was indicted is found in this clause: "Whoever wilfully, mischievously or maliciously . . . removes or sets in motion any rairload car on the track or side-track of any railroad in this state shall be punished," etc. The undoubted purpose and object of this statute was not only to prevent annoyance and damage to the railroad, itself, but to protect the traveling public against accident from any possible collision with a railroad car which might thus be moved or set in motion upon the track. It is not improbable that the dominant purpose of this clause was to protect travelers against accident and injury. If this interpretation of the purpose is correct, then the broadest possible definition should be given to the words "railroad car." It should include any and every vehicle constructed and calculated for operation over railroad tracks, since any vehicle capable of so being operated, whether moved and running wild, or in the hands of an irresponsible person, may be the efficient cause of a serious railway accident. The dictionary definitions are in harmony with this view. As applied to a railload, Webster defines "car," "a vehicle adapted to the rails of a railroad;" the Century Dictionary, "a vehicle running upon rails." We think the word "car" as used in the clause of the statute under consideration should be regarded as a generic term and intended to cover every kind of a vehicle adapted to the use of rails.

This construction of the statute is not only in harmony with the lexicon and sound reasoning, but, so far as we have been able to discover, universally sustained by the decisions of the courts. *State* v. *Nichols*, 68 Wis., 423, while not defining the term "hand car," yet holds that the word "car" imports a carriage running on the rails of a railway. *Crocker* v. *Kansas St. R. R.,* 95 Ala., 422, is a case in point. A statute provided that the master should be liable

for a personal injury "when such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal, point, lcomotive, engine, switch, car or train upon a railway." It was contended that this statute did not render the master liable for the negligence of the employee having charge of a hand car. But the court declined to sustain this view, saying: "It is not difficult to select from several definitions of the word "car" as found in the dictionaries, one which is applicable to the word as used in the statute. The Century dictionary gives this among other definitions: "A vehicle running upon rails." One of Webster's definitions is, "A vehicle adapted to the rails of a railroad." We find nothing in the language of the statute to suggest that the words there used were intended to convey a meaning which excludes the idea of a hand car or lever car. Such cars are used in the ordinary business of railroads." In *Thomas* v. *Georgia R. R. Co.,* the statute provided that railroad companies should be liable in any county in which any person or property had been injured by the running of its cars or engines. It was held that the word "car" thus used included hand cars. In *O'Hara* v. *East St. Louis Connecting R. R. Co.,* 150 Ill., 587, the courts say: "The term car in its proper significance includes many, if not all, classes of vehicles on wheels, and we see no reason why in its proper generic sense it may not be held to embrace locomotive engines as a species of cars." *Perez* v. *San Antonio and A. P. Ry. Co.,* Texas 67 S. W., 137, reviews some of the cases above cited and holds that in a statute using the words "cars," "locomotives" or "trains" the word "cars" signifies any vehicle adapted to the rails of a railroad, and would embrace in its meaning a hand car as well as a freight or passenger car."

It is the contention of the respondent that this statute must be interpreted as a whole and not by clauses, and that accordingly the phrase "railroad car" would have but one and the same meaning throughout every clause of the statute. And upon this premise concludes that, inasmuch as there is no such thing as breaking and entering a hand car, the words "railroad car" excludes the idea of hand car. This interpretation cannot prevail. As before stated, several distinct offences are described in this section of the statute,

each punishable by the same penalty. It is perfectly evident that the first clause was intended to apply to cars capable of being broken and entered. This clause would evidently apply to any passenger coach, mail car or enclosed freight car. It is equally evident that it would not apply to an open, flat car. But an open, flat car would as readily come within the mischief to be prevented by the clause of the statute under which the defendant was indicted, as would a passenger coach. The interpretation claimed cannot, therefore, be applied.

*Exceptions overruled.*